IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| DAVID JAMES LAPOINTE,<br><br>Plaintiff,<br><br>vs.<br><br>NANCY BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | CV 16-109-GF-JTJ<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES** |

## I. Synopsis

After judicial review by the undersigned, Mr. LaPointe's case was remanded to the Commissioner of Social Security for calculation of an award of benefits, after the Court concluded that the Administrative Law Judge's (ALJ) determination denying benefits was not supported by substantial evidence. (Doc. 17). Mr. LaPointe now requests attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). (Doc. 19). Mr. LaPointe is entitled to attorney's fees and costs by statute. Mr. LaPointe will be awarded $4,500.00 in fees and $400.00 in costs, to be paid directly to Mr. LaPointe.

## II. Jurisdiction and Venue

The District Court has jurisdiction under 42 U.S.C. § 405(g). This case is

1

assigned to the undersigned by consent of the parties. (Doc. 5). Venue is proper in the Great Falls Division of the District of Montana because Mr. LaPointe resides in Cascade County, Montana. 28 U.S.C. § 1391(e); Local Rule 1.2(c)(2).

### III. Status

On June 8, 2017, the Court remanded the case to the Commissioner for calculation of benefits. (Doc. 17). On September 5, 2017, Mr. LaPointe filed an Motion for Attorney Fees under the EAJA, requesting $4,500.00 in attorney's fees and $400.00 in costs, to be paid directly to his attorney. (Doc. 19). The Commissioner does not oppose the award of fees or costs in Mr. LaPointe's motion, but does argue that such amounts must be paid directly to Mr. LaPointe. (Doc. 20). The motion is ripe for decision.

### IV. Standards

A.   **Equal Access to Justice Act**

The EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). It is the burden of the government to prove its position was substantially justified. *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013).

2

### B. Calculation of fees and costs

The proper method of calculating an award of attorney's fees is the "lodestar" method. *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). The "lodestar" method multiplies the hours reasonably expended by the prevailing party on the litigation by a reasonable hourly rate. *Id.* An attorney's hourly rates "are to be calculated according to the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). Finally, the party seeking fees bears the burden of submitting detailed time records justifying the hours claimed. *Chalmers*, 796 F.2d at 1210. Contemporaneous records of hours worked are preferred in the Ninth Circuit. *Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000).

## V. Facts

On March 10, 2011, Mr. LaPointe applied for disability benefits and supplemental security income. (Tr. 197-209). The Administration denied his claim on November 9, 2011. (Tr. 80-92). Upon reconsideration, the Administration affirmed its denial of Mr. LaPointe's claim on March 1, 2012. (Tr. 108-20).

On March 26, 2012, Mr. LaPointe requested a hearing with an ALJ. (Tr. 146-47). The ALJ conducted a video hearing on December 12, 2012. (Tr. 40-77).

Mr. LaPointe was present at the hearing with counsel and testified on his own behalf. *Id*. On January 31, 2013, the ALJ determined Mr. LaPointe did not qualify for benefits. (Tr. 25-34). On March 25, 2013, Mr. LaPointe requested the Social Security Administration Appeals Council (Appeals Council) review the ALJ's determination. (Tr. 15). On May 30, 2014, the Appeals Council denied Mr. LaPointe's request, making the ALJ's determination the final decision of the Commissioner. (Tr. 1-4).

On June 12, 2014, Mr. LaPointe filed a second application for disability benefits and supplemental security income, in which he alleged a disability onset date of January 31, 2013. (Doc. 24 at 1). The Commissioner granted Mr. LaPointe's second application on November 25, 2014, finding that he met listing 12.04-C2 for Affective Disorders and that he was disabled as of March 1, 2014. (*Id.* at 7-8).

Mr. LaPointe sought judicial review of the Commissioner's decision. (Doc. 1). This Court concluded: (1) the Commissioner's determination that Mr. LaPointe engaged in substantial gainful activity after filing his application for benefits was not supported by substantial evidence; and (2) Mr. LaPointe presented new and material evidence. Therefore, the Court reversed and remanded the case to the Commissioner to reconsider her denial of Mr. LaPointe's first application of

4

benefits in light of the Commissioner's November 25, 2014 favorable determination on Mr. LaPointe's second application for benefits. (Doc. 32).

Mr. LaPointe requests an award of attorney's fees totaling $4,500.00 for thirty hours of work at a rate of $150.00 per hour. (Doc. 19 at 2).

### VI. Analysis

A.   **Mr. LaPointe is entitled to fees.**

Mr. LaPointe meets the requirements under the EAJA. He is the prevailing party, he is an individual whose net worth does not exceed two million dollars, and he alleges that the position of the United States in the underlying case was not substantially justified. (Doc. 19 at 2). The Commissioner does not object to Mr. LaPointe's request for fees on these grounds. (Doc. 20 at 2). Therefore, finding that there are no special circumstances that would make an award unjust, the Court shall award fees and other expenses to Mr. LaPointe pursuant to the EAJA.

B.   **Calculation of fees**

The hourly rate requested is reasonable. Mr. LaPointe, though his attorney Charla Tadlock, requested $4,500.00 in attorney fees, based on her thirty hours of work at an hourly rate of $150.00. (Doc. 19 at 2; *see also* Doc. 19-1). The statutory maximum for attorney fees is $125.00 per hour, "unless the court

determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). After including the cost of living adjustment for the first half of 2017, the maximum rate is $195.95 per hour. (*See* United States Courts for the Ninth Circuit, *Statutory Maximum Rates Under the Equal Access to Justice Act*, https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited October 2, 2017)).

Because Mr. LaPointe's request for $150.00 per hour is not above the cost-of-living ceiling, and because it is not opposed by the Commissioner, Mr. LaPointe's motion requesting $4,500.00 in attorney fees is granted. Also, since the amount is not in dispute, there is no need for the Court to adjust the rate.

**C.     Costs**

Mr. LaPointe also requests "an award of his costs in the amount of $400.00 for the filing fee." (Doc. 19 at 2). The government does not object to the amount, but states that the award of "costs" should be pursuant to 28 U.S.C. § 1920, because it argues "an award of costs is not paid from agency funds, and is instead paid 'by the Secretary of the Treasury after certification by the Attorney General.'" (Doc. 20 at 2-3 (quoting 28 U.S.C. § 2414)).

Attorney fees are separate from costs, as set out in Subsection (a):

> [A] judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States[.]

28 U.S.C. § 2412(a)(1). Section 1920 enumerates what kind of expenses qualify as "costs" pursuant to the EAJA, which in this case includes "[f]ees of the clerk and marshal" (i.e. the $400.00 filing fee).

Section 2412(c)(1) adds that "[a]ny judgment against the united States or any Agency and any official of the United States . . . for costs pursuant to subsection (a) shall be paid as provided in sections 2414 and 2517 of this title." Section 2414 states in pertinent part that "payment of final judgments rendered by a district court . . . against the United States shall be made on settlements by the Secretary of the Treasury."

Therefore, the Court determines that the $400.00 filing fee is a costs as described in 28 U.S.C. § 1920(1), to be paid to Mr. LaPointe pursuant to 28 U.S.C. § 2412(c)(1).

### D. Payment of fees and costs

Mr. LaPointe's motion for an award of fees and costs requests that the award "be paid directly to [Mr. LaPointe's] attorney." (Doc. 19 at 1). While the Commissioner does not object to the amount to be awarded, it does object to the

request that the attorney be paid directly. The Commissioner argues that the fees must be paid to the "prevailing party," (i.e. the plaintiff), and not counsel, because the award to a plaintiff may be subject to an offset from the United States Treasury Department. (Doc. 20 at 3-4 (citing *Astrue v. Ratliff*, 130 U.S. 586, 589 (2010) (An award under the Equal Access to Justice Act "is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States.")). If the party does not owe a government debt which could be offset, then the Commissioner may make payment directly to the attorney based on a voluntary waiver of the Anti-Assignment Act, 31 U.S.C. § 3727. *United States v. Kim*, 806 F.3d 1161, 1169-70 (9th Cir. 2015).

The Commissioner requests an opportunity to verify whether Mr. LaPointe has any outstanding debts owed to the government susceptible to an offset. If no debt exists, the Commissioner states it will waive its objection and pay the amount to Mr. LaPointe's counsel. If a debt does exist, the Commissioner will offset that amount and pay the balance to Mr. LaPointe personally. (Doc. 20 at 5). Absent such waiver by the Commissioner, the award of fees and costs are to be paid directly to Mr. LaPointe.

## VII. Conclusion

For the reasons stated above, Mr. LaPointe is entitled to attorney's fees and costs.  Mr. LaPointe is entitled to attorneys fees in the amount of $4,500.00 and costs in the amount of $400.00, to be paid directly to Mr. LaPointe.

Therefore, **IT IS ORDERED** that Plaintiff's Motion for Attorney Fees and Pursuant to the Equal Access to Justice Act (Doc. 34) is **GRANTED** in the amount of $4,900.00.

Dated the 31st day of October, 2017.

John Johnston
United States Magistrate Judge